[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11631
Non-Argument Calendar

_____

D.C. Docket No. 5:17-cv-00119-RSB-BWC

HARLEM MARTINEZ,

                                        Plaintiff - Appellant,

versus

WARDEN,
GREG DOZIER,
in his individual capacity,
ASSISTANT WARDEN RICK STONE,
LINDA WALKER,
TIMOTHY WARD,
In his capacity as Commissioner of the Georgia Department of Corrections,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(March 10, 2021)

Before ROSENBAUM, NEWSOM and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Harlem Martinez-Cruz ("Martinez"), a Georgia prisoner proceeding *pro se*, appeals the district court's grant of summary judgment on his 42 U.S.C. § 1983 action, challenging the lack of Spanish law books and legal materials in Coffee Correctional Facility's ("CCF") law library as a discriminatory policy that violates the Equal Protection Clause. Martinez argues that genuine issues of material fact existed that precluded the grant of summary judgment, and the district court erroneously resolved factual issues in favor of Warden Hilton Hall, Assistant Warden Rick Stone, and Linda Walker, a law library aide at the CCF, as well as former Commissioner of the Georgia Department of Corrections Greg Dozier and current Commissioner Timothy Ward. (referred to collectively as the "CCF Defendants"). Having read the parties' briefs and reviewed the record, we affirm the district court's grant of summary judgment to the CCF Defendants.

## I.

Martinez has been incarcerated at the CCF since March 2015. Originally from El Salvador, Martinez's native language is Spanish. He allegedly speaks little English and cannot read or write in English. The CCF is a private prison facility operated and managed by CoreCivic, Inc. ("CoreCivic"), and it provides certain services to inmates housed at CCF, including legal research materials and

2

translation services.  Under CoreCivic's policy, the primary legal research

materials in the library consist of an electronic subscription product from Lexis

Nexis that is specifically curated for Georgia prisoners and is available only in

English.  Another research material, the Jailhouse Lawyer's Handbook, a standard

legal research book in prison law libraries, is not presently available for purchase

in Spanish.  The law library at CCF only has one Spanish-language law book

available for its inmates: a Spanish to English and English to Spanish Law

Dictionary.

Martinez filed a 42 U.S.C. § 1983 complaint, as a class action, against the

CCF Defendants, alleging that they violated the Equal Protection Clause of the

Fourteenth Amendment by racially discriminating against Martinez because they

did not provide him with Spanish-language legal research material.  He sought

preliminary and permanent injunctive relief, compensatory damages, and punitive

damages.  The magistrate judge entered an initial report and recommendation

("R&R"), to which Martinez filed objections.  The magistrate judge interpreted the

objections as a motion to amend the complaint and gave Martinez leave to file an

amended complaint.  Martinez filed an amended complaint, reiterating his claims

from his first complaint.  The CCF Defendants filed an amended answer.

The district court adopted the magistrate judge's R&R, overruled Martinez's

objections, and dismissed Martinez's access to the courts, conspiracy, class action,

and preliminary injunctive relief claims.  The CCF Defendants moved for summary judgment and provided sworn declarations of the named parties, and a sworn declaration of Jennifer Williams, an attorney for CoreCivic.  Martinez opposed the motions for summary judgment, arguing that as an Hispanic, Spanish-speaking prisoner, he had been denied an adequate, effective and meaningful law library to pursue post-conviction proceedings.  Martinez submitted several sworn declarations supporting his contention that CCF's law library was inadequate because it contained one bilingual law book and no computer software offering Spanish legal materials.  The magistrate judge recommended that the CCF Defendants' motions for summary judgment be granted because Martinez did not establish the alleged discrimination was based on his membership in a suspect class, could not establish intentional discrimination, and could not prove that he had been treated differently than similarly situated inmates.

The district court adopted the R&R and granted the CCF Defendants' motions for summary judgment.  The district court found that Martinez's equal protection claims failed on three independent grounds: (1) Martinez could not establish that the alleged discrimination was based on his membership in a suspect class; (2) Martinez could not show that he was "similarly situated" to his comparators because inmates who speak limited or no English are differently situated than those who are fluent in English; and (3) Martinez presented no

evidence that the alleged discrimination was intentional or motivated by a discriminatory purpose.  Martinez appeals the district court's grant of summary judgment to the CCF Defendants.

## II.

We review *de novo* the district court's grant of summary judgment and apply the same standards used by the district court.  *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008).  Summary judgment is appropriate if the parties' submissions "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Id.*  "A factual dispute between the parties will not defeat summary judgment unless it is both genuine and material."  *Id.*  A factual dispute is only "material" if it would affect the outcome of the case.  *Id.*  Moreover, we will affirm the grant of summary judgment "for any reason supported by the record, even if not relied upon by the district court."  *Allen v. USAA Cas. Ins. Co.*, 790 F.3d 1274, 1278 (11th Cir. 2015).

"To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect."  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).  "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is

5

deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.* An appellant also abandons a claim when (a) he makes only passing reference to it, (b) he raises it in a perfunctory manner without supporting arguments and authority, (c) he refers to it only in the "statement of the case" or "summary of the argument," or (d) the references to the issue are mere background to the appellant's main arguments or are buried within those arguments. *Id.* at 681–82.

We hold *pro se* pleadings to a less stringent standard than attorney drafted pleadings, and we liberally construe them. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Although we give liberal construction to *pro se* pleadings, the pleadings must still conform to procedural rules. *Albra v. Advan Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Further, the leniency afforded *pro se* litigants with liberal construction does not give the courts "license to serve as *de facto* counsel" or permit them to rewrite an otherwise deficient pleading to sustain an action. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

### III.

Martinez argues on appeal that the district court erred in granting summary judgment to the CCF Defendants because there were genuine issues of material

fact that precluded the grant of summary judgment, and the district court improperly resolved the factual disputes in favor of the CCF Defendants.

The CCF Defendants initially contend that Martinez fails to properly challenge the district court's ruling on his equal protection claims and fails to establish how any of the proposed disputed facts were material to the district court's ruling. The CCF Defendants also assert that Martinez offers no analysis of the district court's conclusions that his language abilities do not make him a member of a suspect class, that he was not "similarly situated" to inmates who can read and write English, and that the policies he challenges were motivated by discriminatory intent. Because Martinez fails to make specific, non-conclusory arguments for each of the district court's independent conclusions, the CCF Defendants contend that Martinez has effectively abandoned his appeal.

Alternatively, the CCF Defendants argue that Martinez's claim fails as a matter of law. First, while Martinez alleges that the failure to provide Spanish research materials discriminated against him based on his Hispanic ethnicity, he presents no evidence that the policies discriminate against Hispanic inmates. Second, Martinez cannot show that he was "similarly situated" to the English-speaking inmates. Third, Martinez presents no evidence that the challenged policy, which is not set by the warden or local prison staff, was instituted because of discriminatory intent. The undisputed evidence demonstrates that CoreCivic does

7

not provide Spanish legal research materials because they are not available.

Hence, the CCF Defendants urge this court to affirm the district court's judgment.

## IV.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 3254 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216, 102 S. Ct. 2382, 2394 (1982)). "To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318–19 (11th Cir. 2006).

Protected classes typically involve immutable characteristics determined by the accident of birth, such as race, national origin, and sex. *Frontiero v. Richardson*, 411 U.S. 677, 686, 93 S. Ct. 1764, 1770 (1973). If the allegations do not implicate a suspect class, a court will evaluate only whether there was a rational basis for the treatment. *Cook v. Wiley*, 208 F.3d 1314, 1323 (11th Cir. 2000).

8

A plaintiff must also satisfy the "similarly situated" requirement regardless of whether his claim is based on a suspect classification. *Young Apartments, Inc. v. Town of Jupiter, Fla.*, 529 F.3d 1027, 1045 (11th Cir. 2008). Under this requirement, a prisoner must demonstrate that he is similarly situated to other prisoners who received more favorable treatment. *Sweet*, 467 F.3d at 1318–19. To be considered similarly situated, comparators must be *prima facie* identical in all relevant respects. *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1264 (11th Cir. 2010) (internal quotation marks omitted).

We conclude, based on the record, that Martinez has abandoned his challenge to the district court's grant of summary judgment by failing to challenge the three independent grounds for its equal protection ruling. *See Sapuppo*, 739 F.3d at 680. While Martinez references these grounds in a list of "disputed facts" in his statement of the case in his brief on appeal, he does so in a perfunctory manner without supporting arguments and authority and only specifies one of the grounds, discriminatory intent, in the body of his argument.

Assuming *arguendo* that Martinez has preserved his challenge on appeal, we conclude that the district court properly granted summary judgment. Even assuming without deciding that Martinez showed that he was a member of a suspect class, he did not show that the alleged discrimination by any of the CCF Defendants was intentional. CoreCivic's corporate legal department determined

the contents of the CCF library, and the absence of Spanish legal materials did not stem from intentional discrimination but from the unavailability of such materials for purchase.

Accordingly, for the aforementioned reasons, we affirm the district court's grant of summary judgment for the CCF Defendants.

**AFFIRMED**.